**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | |
|---|---|
| **LEON WEINGRAD**, individually and on behalf of all others similarly situated, | |
| *Plaintiff*, | Case No. 4:24-cv-00610 |
| vs. | |
| **SYNERGY BPO LLC D/B/A SYNERGY FINANCIAL**, | |
| *Defendant*. | |

**SYNERGY BPO LLC'S ANSWER AND**
**<u>AFFIRMATIVE DEFENSES TO COMPLAINT</u>**

Defendant Synergy BPO LLC, i/s/h/a Synergy Financial ("Synergy" or "Defendant") files this Answer with Affirmative Defenses in response to Plaintiff's Class Action Complaint and Demand for Jury Trial ("Complaint"), and would show this Court as follows:

1.      Defendant lacks sufficient information to either admit or deny the allegations of paragraph 1 of the Complaint and therefore denies the same.

2.      The allegations in paragraph 2 of the Complaint are, or purport to be, statements of law or legal conclusions for which no response is required. To the extent that they are deemed allegations of fact, Defendant responds that the cited statute and/or regulation speak for themselves, and the Court is referred thereto for interpretation.

3.      Defendant admits only so much of paragraph 3 of the Complaint as alleges that Plaintiff purports to bring this action individually and as class representative for alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Defendant otherwise denies the allegations in paragraph 3 of the Complaint.

1

**PARTIES**

4.      Defendant lacks sufficient information to either admit or deny the allegations of paragraph 4 of the Complaint and on that basis, denies the same.

5.      Defendant admits only so much of paragraph 5 of the Complaint as it alleges that Defendant is a corporation incorporated in Texas and having its principal place of business in this District. Defendant otherwise denies the allegations in paragraph 5 of the Complaint.

**JURISDICTION AND VENUE**

6.      Defendant admits only so much of the allegations in paragraph 6 of the Complaint as allege that the Court has original jurisdiction over Plaintiff's claim pursuant to 47 U.S.C. § 227. With respect to the remaining allegations in paragraph 6 of the Complaint, they are, or purport to be, statements of law or legal conclusions for which no response is required. To the extent that they are deemed allegations of fact, Defendant denies the same.

7.      Defendant admits only that its principal place of business is in Texas. With respect to the remaining allegations in paragraph 7 of the Complaint, Defendant lacks sufficient information to either admit or deny and on that basis, denies the same.

8.      The allegations in paragraph 8 of the Complaint are, or purport to be, statements of law or legal conclusions for which no response is required. To the extent that they are deemed allegations of fact, Defendant responds that it lacks sufficient information to either admit or deny the allegations of paragraph 8 of the Complaint and therefore denies the same.

**BACKGROUND**

**A.      The TCPA Prohibits Calls to Numbers on the Do Not Call Registry**

9.      The allegations in paragraph 9 of the Complaint are, or purport to be, statements of law or legal conclusions for which no response is required. To the extent they are deemed

allegations of fact, Defendant responds that the statute cited speaks for itself and the Court is referred thereto for interpretation.

10.     The allegations in paragraph 10 of the Complaint are, or purport to be, statements of law or legal conclusions for which no response is required. To the extent that they are deemed allegations of fact, Defendant responds that the regulation cited speaks for itself, and the Court is referred thereto for interpretation.

11.     The allegations in paragraph 11 of the Complaint are, or purport to be, statements of law or legal conclusions for which no response is required. To the extent that they are deemed allegations of fact, Defendant responds that the statute regulation speaks for itself, and the Court is referred thereto for interpretation.

12.     The allegations in paragraph 12 of the Complaint are, or purport to be, statements of law or legal conclusions for which no response is required. To the extent that they are deemed allegations of fact, Defendant responds that the statute and/or regulation cited speaks for themselves, and the Court is referred thereto for interpretation.

**B. THE TCPA REQUIRES ENTITIES TO HAVE SUFFICIENT POLICIES IN PLACE TO PREVENT UNWANTED CALLS BEFORE MAKING TELEMARKETING CALLS.**

13.     The allegations in paragraph 13 of the Complaint are, or purport to be, statements of law or legal conclusions for which no response is required. To the extent they are deemed allegations of fact, Defendant responds that the statute cited speaks for itself, and the Court is referred thereto for interpretation.

14.     The allegations in paragraph 14 of the Complaint are, or purport to be, statements of law or legal conclusions for which no response is required. To the extent they are deemed allegations of fact, Defendant responds that the statute cited speaks for itself, and the Court is referred thereto for interpretation.

15.     The allegations in paragraph 15 of the Complaint are, or purport to be, statements of law or legal conclusions for which no response is required. To the extent they are deemed allegations of fact, Defendant responds that the cited rulemaking speaks for itself, and the Court is referred thereto for interpretation.

16.     The allegations in paragraph 16 of the Complaint are, or purport to be, statements of law or legal conclusions for which no response is required. To the extent they are deemed allegations of fact, Defendant responds that the statute regulations cited speak for themselves, and the Court is referred thereto for interpretation.

17.     The allegations in paragraph 17 of the Complaint are, or purport to be, statements of law or legal conclusions for which no response is required. To the extent they are deemed allegations of fact, Defendant responds that the regulations cited speak for themselves, and the Court is referred thereto for interpretation.

18.     The allegations in paragraph 18 of the Complaint are, or purport to be, statements of law or legal conclusions for which no response is required. To the extent they are deemed allegations of fact, Defendant responds that the regulation cited speaks for itself, and the Court is referred thereto for interpretation.

## **FACTUAL ALLEGATIONS**

19.     Defendant lacks sufficient information to either admit or deny the allegations of paragraph 19 of the Complaint and on that basis, denies the same.

20.     Defendant denies the allegations in paragraph 20 of the Complaint.

21.     The allegations in paragraph 21 of the Complaint are, or purport to be, statements of law or legal conclusions for which no response is required. To the extent they are deemed allegations of fact, Defendant denies the allegations.

4

22.     Defendant lacks sufficient information to either admit or deny the allegations of paragraph 22 of the Complaint and therefore denies the same.

23.     Defendant lacks sufficient information to either admit or deny the allegations of paragraph 23 of the Complaint and therefore denies the same.

24.     Defendant lacks sufficient information to either admit or deny the allegations of paragraph 24 of the Complaint and therefore denies the same.

25.     Defendant lacks sufficient information to either admit or deny the allegations of paragraph 25 of the Complaint and therefore denies the same.

26.     Defendant denies the allegations in paragraph 26 of the Complaint.

27.     Defendant denies the allegations in paragraph 27 of the Complaint.

28.     Defendant denies the allegations in paragraph 28 of the Complaint.

29.     Defendant denies the allegations in paragraph 29 of the Complaint.

30.     Defendant denies the allegations in paragraph 30 of the Complaint.

31.     Defendant admits only so much of the allegations in paragraph 31 of the Complaint as allege that Defendant has a call center in Dhaka, Bangladesh. With respect to the remaining allegations in paragraph 31 of the Complaint, Defendant denies the allegations.

32.     Defendant lacks sufficient information to either admit or deny the allegations of paragraph 32 of the Complaint and therefore denies the same.

33.     Defendant lacks sufficient information to either admit or deny the allegations of paragraph 33 of the Complaint and therefore denies the same.

34.     Defendant admits only so much of the allegations in paragraph 34 of the Complaint as allege that Defendant's owner and managing member is Mirza Jewel. With respect to the remaining allegations in paragraph 34 of the Complaint, Defendant lacks sufficient information to

either admit or deny the allegations of paragraph 34 of the Complaint and on that basis, denies the same.

35.     Defendant denies the allegations in paragraph 35 of the Complaint.

36.     Defendant denies the allegations in paragraph 36 of the Complaint.

37.     Defendant denies the allegations in paragraph 37 of the Complaint.

38.     Defendant denies the allegations in paragraph 38 of the Complaint.

39.     Defendant denies the allegations in paragraph 39 of the Complaint.

40.     Defendant denies the allegations in paragraph 40 of the Complaint.

41.     Defendant denies the allegations in paragraph 41 of the Complaint.

## CLASS ACTION ALLEGATIONS

42.     In response to paragraph 42 of the Complaint, Defendant repeats and realleges each and every response in paragraphs 1 through 41 of the Complaint with the same force and effect as if set forth at length herein.

43.     Defendant admits only so much of the allegations in paragraph 43 of the Complaint as alleges that Plaintiff purports to assert claims on behalf of a proposed class, but specifically denies that such a class action is proper or that the proposed definitions of the putative classes are either proper or represent a certifiable class.

44.     Defendant denies the allegations in paragraph 44 of the Complaint.

45.     Defendant denies the allegations in paragraph 45 of the Complaint.

46.     Defendant denies the allegations in paragraph 46 of the Complaint.

47.     Defendant denies the allegations in paragraph 47 of the Complaint, including all of subparts (a.) – (e.) thereof.

48.     Defendant denies the allegations in paragraph 48 of the Complaint.

49.     Defendant denies the allegations in paragraph 49 of the Complaint, including all of subparts (a.) – (e.) thereof .

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the National DNC Class)

50.     In response to paragraph 50 of the Complaint, Defendant repeats and realleges each and every response in paragraphs 1 through 49 of the Complaint with the same force and effect as if set forth at length herein.

51.     The allegations in paragraph 51 of the Complaint are, or purport to be, statements of law or legal conclusions for which no response is required. To the extent that they are deemed allegations of fact, Defendant responds that the regulation cited speaks for itself and the Court is referred thereto for interpretation.

52.     Defendant denies the allegations in paragraph 52 of the Complaint.

53.     Defendant denies the allegations in paragraph 53 of the Complaint.

54.     Defendant denies the allegations in paragraph 54 of the Complaint.

55.     Defendant denies the allegations in paragraph 55 of the Complaint.

## COUNT II
### Violations of the TCPA, 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Internal Do Not Call Registry Class)

56.     In response to paragraph 56 of the Complaint, Defendant repeats and realleges each and every response in paragraphs 1 through 55 of the Complaint with the same force and effect as if set forth at length herein.

57.     Defendant denies the allegations in paragraph 57 of the Complaint.

58.     Defendant denies the allegations in paragraph 58 of the Complaint.

59.     Defendant denies the allegations in paragraph 59 of the Complaint.

Answering the "PRAYER FOR RELIEF" beginning with "WHEREFORE," including the subparts thereof: Defendant denies each and every allegation contained therein, and denies that Plaintiff is entitled to any of the relief sought. Defendant expressly denies that it is liable to Plaintiff or members of the alleged putative class for any alleged damages or relief of any kind, including damages or relief required in the Prayer for Relief section of the Complaint or any other paragraph of the Complaint.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses without assuming the burden of proof on such defenses that otherwise would rest on Plaintiff, and without prejudice to its Answer above:

### FIRST AFFIRMATIVE DEFENSE

1.      Prior express consent, as well as prior express written consent, was obtained for the purpose of contacting the phone number at which Plaintiff alleges to have received the subject calls and therefore, Plaintiff's claims must fail. To the extent that putative class members provided such consent, their claims also fail.

### SECOND AFFIRMATIVE DEFENSE

2.      The Court lacks subject matter jurisdiction over Plaintiff's claims.

### THIRD AFFIRMATIVE DEFENSE

3.      The Complaint fails to state a claim upon which relief may be granted.

### FOURTH AFFIRMATIVE DEFENSE

4.      The Complaint is barred because the sole and/or proximate cause of damages claimed by Plaintiff, if any, was due to acts of persons or entities other than the Defendant, including but not limited to, his own actions.

## FIFTH AFFIRMATIVE DEFENSE

5.     Defendant states that it has complied with all applicable statutes and regulations, thereby barring any and all of Plaintiff's claims.

## SIXTH AFFIRMATIVE DEFENSE

6.     Defendant incorporates herein by refence all provisions set forth within 47 U.S.C. § 227 and 47 C.F.R. § 64.1200 (including prior versions of this statute and regulation) and relies herein on any safe harbor provisions, exemptions, exceptions, limitations, conditions, or other defenses that may be set forth herein.

## SEVENTH AFFIRMATIVE DEFENSE

7.     Plaintiff's claims are barred by the doctrines of acquiescence, ratification, estoppel, waiver, laches, consent, unclean hands, and other equitable doctrines as a bar to the claims of Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

8.     Defendant did not knowingly or willfully violate the TCPA.

## NINTH AFFIRMATIVE DEFENSE

9.     Plaintiff is not entitled to statutory damages because Defendant did not engage in any conduct in violation of the TCPA.

## TENTH AFFIRMATIVE DEFENSE

10.     The Complaint is barred because the sole and/or proximate cause of damages claimed by Plaintiff, if any, was due to acts of persons or entities other than the Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     The Complaint is barred, in whole or in part, on the grounds that Plaintiff does not allege sufficient facts to support his claims or class certification.

## TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiff and/or the putative class members lack standing to bring the claims purportedly being asserted. Plaintiff's claims, or the claims of putative class members to the extent they exist, are barred on the basis that the Plaintiff and the absent class members lack standing to pursue claims against Defendant because they have not incurred or suffered any actual loss or concrete injury in fact or suffered any harm, and certainly not harm that is fairly traceable to the conduct of Defendant. Accordingly, the Court lacks subject matter jurisdiction over this case under Article III of the U.S. Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiff and/or the putative class members have not suffered concrete and particularized injuries.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     Plaintiff cannot maintain this action as a class action under the Federal Rules of Civil Procedure. Among other things, Defendant expressly denies that the identities of the putative class members are ascertainable/determinable, that there are common questions of law and fact, that such questions predominate over individual issues, that Plaintiff's claims are typical, that the individualized issues raised by Plaintiff's claims can be adjudicated on a class-wide basis, the classes themselves are defined in a way that precludes membership unless liability is established, a class action is not superior to other available methods for fairly and efficiently adjudicating the controversy, and Defendant denies that Plaintiff is a member of the class as alleged and/or is an adequate class representative. Plaintiff also cannot maintain this action as a class under Rule 23 of the Federal Rules of Civil Procedure because a class action is not superior to other available methods for fairly and efficiently adjudicating the controversy

## FIFTEENTH AFFIRMATIVE DEFENSE

15.    Plaintiff's claims are barred because he was not charged for the calls he alleges to have received.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.    Any communications alleged by Plaintiff did not adversely affect his privacy rights, and the alleged harms he suffered are not the traditional harms recognized by law to afford a cause of action or standing, and accordingly, his claims are barred.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.    Plaintiff's claims are barred by the constitutional implications of the claims asserted. Any award of statutory damages against Defendant would be unconstitutional as violative of the Due Process Clause of the Fourteenth Amendment to the United States Constitution and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution. The TCPA is an unconstitutional restriction of commercial speech and Defendant's freedom of expression in violation of the First Amendment to the United States Constitution.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.    Plaintiff's claims, or the claims of putative class members to the extent they exist, are barred because Defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA.

## NINETEENTH AFFIRMATIVE DEFENSE

19.    Plaintiff's claims, or the claims of putative class members to the extent they exist, are barred based on prior agreements to arbitrate those claims with Defendant, its predecessors, or its affiliates.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     Plaintiff's claims, or the claims of putative class members to the extent they exist, are barred because Plaintiff and/or the putative class members have waived their right to pursue relief on a class-wide basis by having agreed to class waivers in their agreements with Defendant, its affiliates, or its marketing partners.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Plaintiff's claims, or the claims of putative class members, are barred because the calls were not made to a residential telephone.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Plaintiff's claims against Defendant for knowing and willful violations of law are barred by Plaintiff's failure to meet the conditions precedent for such a claim, and because Defendant's conduct does not rise to the level of a knowing and willful violation. Indeed, at no time did Defendant act willfully or knowingly violate the laws upon which Plaintiff has sued Defendant. At all times, Defendant acted in good faith and without malice or intent to violate the TCPA, or to make, direct, or authorize calls to Plaintiff (or the putative class members) that were allegedly prohibited by the TCPA. Defendant's actions, even if deemed to have violated any statute in any respect (and expressly denying and without admitting same), were reasonable and taken in good faith, and cannot be deemed willful. Defendant did not act with the intent to harm Plaintiff or any putative class member, or with the knowledge that Defendant's conduct violated any statute (as alleged). Nor did Defendant act in bad faith, or with negligence, gross negligence, recklessness, malice, ill will, or a conscious indifference to the rights of others. Defendant acted in good faith, with good motive, and with reasonable care at all times. Thus, Plaintiff cannot sustain any treble or punitive damages theory on that basis.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Plaintiff and members of the putative class are barred from seeking injunctive relief in this action, in whole or in part, because Plaintiff and members of the putative class have an adequate remedy at law, and because Plaintiff has not and cannot show the likelihood of imminent harm resulting from future calls or that calls are continuing to Plaintiff.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     No private right of action exists to assert alleged violations of 47 C.F.R. § 64.1200(d).

## RESERVATION

Defendant continues to investigate and reserves the right to plead additional affirmative defenses or other defenses. Defendant also reserves its right to assert any other affirmative defenses that changes in legal precedent, administrative guidance, or the statutes at issue reveal to be applicable, so as to avoid waiver of the same.

## DEFENDANT'S PRAYER FOR RELIEF

**WHEREFORE**, Defendant demands judgment against Plaintiff as follows:

a.     Denying all relief sought by Plaintiff and/or putative class members and dismissing the Complaint in its entirety, with prejudice;

b.     Awarding Defendant its attorneys' fees and costs associated with the Complaint to the maximum extent allowed by law; and

c.     Granting Defendant such other and further relief as this Court deems just and proper.

Dated: September 27, 2024

**AKERMAN LLP**

*/s/ C. Bryce Benson*
State Bar No. 24031736
Michael B. Hess
State Bar No. 24095710

2001 Ross Ave, Ste. 3600
Dallas, Texas 75201
T: 214.720.4300
F: 214.981.9339
E-mail: Michael.hess@akerman.com
E-mail: Bryce.benson@akerman.com

**-AND-**

**KLEIN MOYNIHAN TURCO LLP**

*/s/ Dustin P. Mansoor*
Dustin P. Mansoor (*Pro Hac Vice application*
*Forthcoming*)
dmansoor@kleinmoynihan.com
450 Seventh Avenue – 40th Floor
New York, NY 10123
T: (212) 246-0900

**ATTORNEYS FOR DEFENDANT**
**SYNERGY BPO, LLC**

## **CERTIFICATE OF SERVICE**

I certify a true and correct copy of the foregoing was served upon all counsel of record via

CM/ECF on September 27, 2024.

/s/ Michael Hess
Attorney for Defendant Synergy BPO LLC