IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **LEON WEINGRAD,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**SYNERGY BPO LLC D/B/A SYNERGY FINANCIAL**<br><br>*Defendant.* | Case No. 24-cv-610-P |

### REPORT REGARDING CONTENTS OF SCHEDULING ORDER

Pursuant to this Court's September 30, 2024 Order (ECF No. 11), the plaintiff Leon Weingrad and defendant Synergy BPO LLC d/b/a Synergy Financial (together "the Parties") submit this Report Regarding Contents of Scheduling Order ("Joint Report").

**(1) A statement detailing the date on which the Scheduling Conference was held, the location of the Scheduling Conference, the names of the attorneys present, a statement regarding whether meaningful progress toward settlement was made, and—without disclosing settlement figures—a statement regarding the prospects of settlement**

The Parties held the Scheduling Conference on October 11, 2024 at the Attorney Conference Room, located in the United States District Court for the District of New Jersey, Newark, New Jersey. Andrew Perrong attended for the Plaintiff and Dustin P. Mansoor attended for the Defendant. The conference was held in person.

The parties agree that they are both willing to discuss settlement but acknowledge that more information is needed before meaningful discussions can occur and before there can be an assessment as to the prospects of settlement.

**(2) A brief statement of the claims and defenses;**

The National Do Not Call Registry allows for the registration of telephone numbers to indicate a desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). Mr. Weingrad alleges that he has never sought out or solicited information regarding Defendant's goods and services prior to receiving the telemarketing calls at issue, but despite that he claims that his telephone number was contacted by Defendant with a number of telemarketing calls despite asking for the calls to stop. As a result of the *en masse* nature of technology used to send the messages, the Plaintiff brings this action on behalf of herself and the following class pursuant to FEDERAL RULE OF CIVIL PROCEDURE 23:

> **National DNC Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call from or on behalf of Defendant, (3) within a 12-month period (4) at any time in the period that begins four years before the date of filing this Complaint to trial.

> **Internal Do Not Call Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls in a 12-month period, (3) who were not current customers of the Defendant at the time of the calls, (4) who had previously asked for the calls to stop and (5) within the four years prior to the filing of the Complaint.

**Defendant's Position**: Defendant maintains that no liability for Plaintiff's claims can be established because valid express written consent was obtained prior to the calls at issue. Moreover, upon information and belief, the phone number that Plaintiff alleges is registered on the National Do Not Call Registry is believed to be used for non-residential purposes. Furthermore, no class can be certified in this matter due to, among other reasons, the existence of such prior express written

consent and questions about whether Plaintiff's phone number is used primarily for residential purposes.

**(3) A proposed time limit to amend pleadings and join parties;**

February 7, 2025

**(4) A proposed time limit for dispositive motions (*e.g.*, summary judgment);**

The Plaintiff anticipates filing his motion for class certification by July 10, 2025.

Defendant anticipates filing a Motion for Summary Judgment 30 days after the completion of Phase 1 discovery, as proposed below in paragraph 7.

**(5) A proposed time limit for initial designation of experts and responsive designation of experts;**

The party bearing the burden of proof shall produce their expert reports by May 9, 2025.

The rebuttal, if any, should be produced by June 6, 2025.

**(6) A proposed time limit for objections to experts (*e.g.*, *Daubert* and similar motions);**

Filed by September 8, 2025.

**(7) A proposed plan and schedule for discovery, a statement of the subjects on which discovery may be needed, a time limit for completing factual and expert discovery, and a statement of whether discovery should be conducted in phases;**

The Plaintiff anticipates that discovery will be needed on the requisites of FED. R. CIV. P. 23 to support his anticipated motion for class certification as well as on the merits of Plaintiff's claim to prepare for trial, or to oppose any summary judgment motion the Defendant may file. Plaintiff intends to seek discovery from Defendant or any identified third parties pertaining to (1) ESI regarding the alleged calls at issue in this case and any purported leads related thereto; (2) requests from individuals, like the Plaintiff, who requested that they no longer receive telemarketing calls; (3) email and other communications related to telemarketing and any

3

relationship with a vendor that may have made calls for the Defendant; (4) ESI related to any purported consent to receive calls; (5) Defendant's policies and procedures concerning TCPA compliance; and (6) telemarketing complaints received by Defendant and its responses thereto.

The parties anticipate that factual and expert discovery should be completed by May 2, 2025. At this time, Plaintiff does not see a need for conducting discovery in phases and opposes any proposal to bifurcate discovery. Given the overlap here, bifurcation belies principles of judicial economy and forces the court spend time and resources resolving discovery disputes over the very scope of the proposed bifurcation itself. *In re Plastics Additives Antitrust Litig.*, 2004 U.S. Dist. LEXIS 23989, *9 (E.D. Pa. November 29, 2004).

Bifurcation of discovery is often "counterproductive." Manual For Complex Litigation (Fourth) § 21.15 (2015). To begin, the proposed bifurcation guarantees that the parties will need to duplicate their work. First, the parties would undertake "individual merits" discovery and all that entails: written discovery requests, depositions. Then, Defendant would file a dispositive motion limited to some defense to Plaintiff's individual claims. And then, should the Court deny that motion, the parties have to start all over again, serving discovery requests and taking depositions of the same witnesses a second time, but this time focusing on class certification and/or class merits issues. All told, this means at least two rounds of written discovery, two rounds of depositions (with the same witnesses being deposed twice), and then two rounds of summary judgment briefing. This is the opposite of judicial economy.

Indeed, "bifurcation of discovery in this case will increase litigation expenses by protracting the discovery period and by duplicating the discovery process, including the depositions." *Hartley-Culp v. Credit Mgmt. Co*, 2014 U.S. Dist. LEXIS 130308, *10 (W.D. Pa. September 15, 2014). The Court should deny any motion to bifurcate for this reason alone. *Id.*

4

(denying motion to bifurcate merits and class discovery in a TCPA case); *EQT Prod. Co. v. Terra Servs., LLC*, 2014 U.S. Dist. LEXIS 203680, *4 (W.D. Pa. October 21, 2014) ("This is the definition of inconvenience, and the additional cost of duplicative depositions and document review combine to counsel against bifurcation in this case."). Moreover, bifurcation also increases the risk that relevant evidence will be lost or destroyed.

Apart from the duplication of discovery outlined above, Defendant's proposal below is bound to lead to additional discovery disputes and proceedings that would be completely unnecessary without bifurcation. There is significant overlap between discovery relevant to the merits of Plaintiff's individual claims and issues of class certification. Indeed, the "[class certification] analysis will frequently entail overlap with the merits of the plaintiff's underlying claim . . . because the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33-34 (2013) (internal citations and quotations omitted); *Charvat v. Plymouth Rock Energy, LLC*, No. 15-CV-4106, 2016 U.S. Dist. LEXIS 6778, at *6 (E.D.N.Y. Jan. 12, 2016) (denying motion to bifurcate merits and class discovery in TCPA action). Other courts have similarly ruled and denied proposals to bifurcate discovery in TCPA cases, noting that "bifurcating discovery often does not make sense as the lines between "class discovery" and "merits discovery" are significantly blurred." *Katz v. Allied First Bank, SB*, Civil Action No. 22-cv-5277, ECF No. 14 (January 3, 2023). For the foregoing reason, the Plaintiff strongly urges the court to order a single, unified course of discovery in this matter.

Defendant's Proposed Discovery Plan:

Given the narrow scope of the case, Defendant proposes that discovery be conducted in two phases, with the first phase limited to one discrete issue dispositive of Plaintiff's individual claims. Conducting discovery in this fashion would limit the burden, time, and expense associated with class discovery. Defendant proposes the following schedule:

> Phase 1: Defendant proposes an initial, 90-day discovery period focused on Plaintiff's individual claims. Discovery in the first phase would be focused on whether Plaintiff consented to receive calls from Defendant and whether Plaintiff's telephone is used primarily for business, rather than residential, purposes. Because these preliminary issues would dispose of Plaintiff's claims on the merits, they should be addressed before the parties proceed to class discovery.
>
> Defendant expects that the following limited discovery will be needed during this phase: (a) requests for admission, interrogatories, and requests for production directed to Plaintiff; and (b) Plaintiff's deposition. As set forth above, Defendant believes that Phase 1 can be completed within 90 days from the Court's entry of a scheduling order. Defendant anticipates that it can bring a dispositive motion as to Plaintiff's claims, if any, within 30 days of the close of Phase 1 discovery. Defendant's summary judgment motion would be narrowly tailored to the limited issue identified above, and is potentially dispositive of this action.
>
> Phase 2: If the Court denies summary judgment after Phase 1 discovery, within 14 days of the Court's denial, the parties will submit a new Joint Case Management Report proposing deadlines for Phase 2 discovery, which will focus on the Complaint's class allegations.
>
> If necessary, Defendant is contemplating filing a formal motion to bifurcate discovery for

the above reasons.

**(8) A statement on whether any limitations on discovery need to be imposed, and if so, what limitations;**

Other than the aforementioned phased discovery, at this time, the parties do not anticipate needing any special limitations on discovery.

**(9) A statement on how to disclose and conduct discovery on electronically stored information ("ESI") and any statement on disputes over disclosure and discovery of ESI;**

While the Parties believe that most of the documents likely to be sought in this case will be maintained in electronic format, they do not at this time anticipate that discoverable information will be in a format that will be particularly difficult to obtain. Plaintiff has requested that calling records be produced in .csv or .txt form and all other documents be produced in .pdf format. The parties are continuing to evaluate ESI and will submit a proposed ESI Order if necessary.

**(10) Any proposals regarding handling and protection of privileged or trial-preparation material that should be reflected in a Court Order;**

None at this time.

**(11) A proposed trial date, the estimated number of days for trial, and whether a jury has been demanded**

This matter will be ready for trial in December of 2025. The parties estimate that five days will be needed for trial and a jury trial has been demanded. The proposed time for trial is approximately 18 months after the date the case was filed. Pursuant to footnote 1 of the Court's Order, the parties state that more than 14 months from the date of the filing of the case is needed for the preparation of the case for trial because the Plaintiff seeks to certify a class and resolve the claims on a class-wide basis.

**(12) A proposed mediation deadline;**

The parties shall mediate by June 1, 2025.

**(13) A statement as to when and how disclosures under Fed. R. Civ. P. 26(1) were made or will be made;**

Rule 26(a)(1) disclosures should be made by October 29, 2024.

**(14) A statement as to whether the parties will consent to a trial (jury or bench) before a United States Magistrate Judge;**

The parties do not wish to consent to a trial before a United States Magistrate Judge.

**(15) Whether a conference with the Court is desired, and if so, a brief explanation why;**

The parties do not believe a conference with the Court is necessary at this time.

**(16) Any other proposals on scheduling and discovery that the parties believe will facilitate expeditious and orderly preparation for trial, and any other orders that should be entered by the Court under FED. R. CIV. P. 16(b), 16(c), and 26(c).**

The parties have agreed to the electronic service of discovery requests.

Dated: October 15, 2024

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
N.D. Tex. Bar #333687PA
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*/s/ Dustin P. Mansoor*
Dustin P. Mansoor (*pro hac vice* application forthcoming)
KLEIN MOYNIHAN TURCO LLP
450 7th Avenue – 40th Floor
New York, NY 10123
T: (212) 246-0900
dmansoor@kleinmoynihan.com

## CERTIFICATE OF SERVICE

I certify that I served the above on the below date through the CM/ECF system, which will send an electronic notification to all parties on this Case.

Dated: October 15, 2024

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
N.D. Tex. Bar #333687PA
Perrong Law LLC
2657 Mount Carmel Avenue

                                          Glenside, Pennsylvania 19038
                                        Phone: 215-225-5529 (CALL-LAW)
                                        Facsimile: 888-329-0305
                                        a@perronglaw.com